**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

RAY WILLIAMS,
                       Plaintiff,

    v.                                No. 04-CV-257
                                        (GLS/DRH)

D. INGRAHAM, Correction Officer,

                       Defendant.

---

**APPEARANCES:**                                  **OF COUNSEL:**

RAY WILLIAMS
Plaintiff Pro Se
No. 99-A-6603
Midstate Correctional Facility
Post Office Box 2500
Marcy, New York 13403

HON. ELIOT SPITZER                     RISA L. VIGLUCCI, ESQ.
Attorney General for the                 Assistant Attorney General
   State of New York
Attorney for Defendant
Department of Law
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

    Plaintiff pro se Ray Williams ("Williams"), an inmate in the custody of the New York State Department of Correctional Services (DOCS), brings this action pursuant to 42 U.S.C. § 1983. Williams contends that defendant D. Ingraham ("Ingraham"), a DOCS

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

corrections officer, violated his constitutional rights under the First Amendment. Compl. (Docket No. 1).  Presently pending is Ingraham's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 10.  Williams opposes the motion. Docket No. 13. Also pending is Williams' motion for recusal of the undersigned. Docket No.14.  For the following reasons, it is recommended that Ingraham's motion be denied and it is ordered that Williams' motion be denied.

## I. Background

The facts as alleged in the complaint are assumed to be true for the purposes of this motion. See section II(A) infra.

On March 19, 2001, while incarcerated at Coxsackie Correctional Facility, Ingraham pulled Williams aside after overhearing Williams speaking to another inmate about a letter sent to the undersigned concerning the handling of his papers by a court clerk in an unrelated case.[2]  Compl. at 4. Ingraham, believing that Williams' letter involved complaints about DOCS staff, filed a false misbehavior report against Williams in retaliation for sending the letter. Id. at 5.  Williams was then confined to keeplock.[3] Id. at 4.  This action followed.

---

[2] This case, Williams v .Crandle, No. 00-CV-1157 (NAM/DRH) was filed on July 27, 2000 and was eventually dismissed in its entirety on September 30, 2003.  It appears that Williams has filed a total of at least seventeen law suits in the federal courts of New York since 1999.  See U.S. Party/Case Index (visited Feb. 2, 2005) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>.

[3] "Keeplock is a form of disciplinary confinement segregating an inmate from other inmates and depriving him of participation in normal prison activities." Green v. Bauvi, 46 F.3d 189, 192 (2d Cir. 1995); N.Y. Comp. Codes R. & Regs. tit. 7, § 301.6 (2004).

## II. Discussion

### A. Motion to Dismiss

Rule 12(b)(6) allows a court to dismiss a complaint that fails to state an actionable claim for which relief may be granted. If it is beyond doubt that the plaintiff cannot prove a set of facts in support of the claim which would entitle him or her to relief, dismissal is warranted. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). Complaints in civil rights actions that are prepared by pro se plaintiffs are held to less stringent standards. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Hernandez v. Couglin, 18 F.3d 133, 137 (2d Cir. 1994). If a plaintiff has the capacity and standing to allege constitutional violations and the ability to prove them under a statute that grants relief, it is sufficient to meet this standard. Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995).

If it is beyond doubt that the plaintiff cannot prove a set of facts in support of the claim which would entitle him or her to relief, dismissal is warranted. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Complaints in civil rights actions that are prepared by pro se plaintiffs are held to less stringent standards than complaints prepared by licensed attorneys. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Hernandez v. Couglin, 18 F.3d 133, 137 (2d Cir. 1994). If a plaintiff has the capacity and standing to allege constitutional violations and the ability to prove them under a statute that grants relief, it is sufficient to meet this standard. Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995).

### B. Retaliation

In order to plead a retaliation claim, a plaintiff must advance in non-conclusory terms that his or her conduct at issue was constitutionally protected and that this conduct was a substantial factor causing the adverse action by a defendant. Mt. Healthy City Sch. Dist. Bd. of Educ v. Doyle, 429 U.S. 274, 287 (1977); Dawes v. Walker, 239 F.3d 489, 492 (2d Cir. 2001). Courts must view retaliation claims with care and skepticism to avoid judicial instruction into prison administrative matters. Id. For any action to constitute adverse action, a plaintiff must allege that the adverse action would deter a similarly situated individual from exercising his or her constitutional rights. Id. at 491.

Here, liberally construing the complaint, it appears that Williams has adequately pleaded a First Amendment retaliation claim.[4] The conduct at issue – complaints to judicial officials, filing a lawsuit, and grievances – are clearly constitutionally protected rights. Morales v. Mackalm, 278 F.3d 126, 131 (2d Cir. 2002). Williams claims that Ingraham filed false misbehavior reports in retaliation for Williams' exercise of these rights. It is clear that disciplinary action and keeplock would reasonably deter other inmates from exercising their constitutional rights. Viewing the complaint in the light most favorable to Williams, these allegations suffice to state a retaliation claim.[5] Therefore, Ingraham's motion on this ground should be denied.

---

[4] In his complaint, Williams alleges three causes of action. However, as they pertain to the same facts and allege essentially the same theory of recovery, they are addressed herein as one claim.

[5] Ingraham argues that Williams fails to state a claim for denial of access to the courts. Def. Mem. of Law (Docket No. 10) at 5. However, even liberally construed, Williams' complaint asserts only a First Amendment retaliation claim.

4

**C. Qualified Immunity**

Ingraham contends that he is entitled to qualified immunity on this motion to dismiss. Qualified immunity generally protects governmental officials from civil liability insofar as their conduct does not violate clearly established constitutional law of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229 (N.D.N.Y. 2002) (McAvoy, J), aff'd, 80 Fed.Appx. 146 (2d Cir. 2003).  A party asserting an immunity defense in a Rule 12(b)(6) motion must meet a more stringent standard than one asserting this defense in a motion for summary judgment.  Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998).  The facts supporting the immunity defense must appear on the face of the complaint and the motion may be granted on this ground only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Id. at 74; Citibank v. K-H Corp, 968 F.2d 1489, 1484 (2d Cir. 1992).

Thus, a plaintiff is entitled to all reasonable inferences from the facts alleged, including those that defeat an immunity defense.  McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004).  Qualified immunity is afforded when the right allegedly violated was not clearly established at the time of the defendant's conduct.  See Rodriguez v. Phillips, 66 F.3d 470, 475 (2d Cir. 1995).  Here, accepting all of Williams' allegations as true and liberally construing the complaint, he has sufficiently pleaded a constitutional violation.  A prisoner's right against retaliation for asserting a constitutional right was clearly established on March 19, 2001.  Ford v. McGinnis, 352 F.3d 582, 596-597 (2d Cir. 2003); Franco v. Kelly, 854 F.2d 584, 589-90 (2d Cir. 1988).

A court must then look "to both 'the clarity of the law establishing the right allegedly

5

violated' as well as 'whether a reasonable person, acting under the circumstances then confronting a defendant would have understood' that his actions were unlawful." <u>Vega v. Miller</u>, 273 F.3d 460, 466 (2d Cir. 2001). Accepting the facts as alleged in the complaint as true, Ingraham's actions were not reasonable in the circumstances and Ingraham would have understood that filing a false misbehavior report in retaliation for Williams' communication to a court was unlawful.

Therefore, Ingraham's motion on this ground should be denied.

### III. Motion for Recusal

Williams moves for recusal of the undersigned on the ground that the undersigned may be called as a witness in the present case. Docket No. 14. Ingraham takes no position regarding this motion. Docket No. 15.

A judge "shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455 (a) (Supp 2004). This requires a showing by the party seeking recusal that "an objective, disinterested observer fully informed of the underlying facts [would] entertain significant doubt that justice would be done absent recusal." <u>Aguinda v. Texaco</u>, 241 F.3d 194, 201 (2d Cir. 2001) (citations and internal quotation marks omitted). Recusal may also be required when a judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455 (b)(1). Any "grounds asserted in a recusal motion must be scrutinized with care." <u>Aguinda</u>, 241 F.3d at 201. Parties are not entitled to judges of their own choice and "judges should not recuse

themselves solely because a party claims an appearance of partiality". Id.; MDCM Holdings, Inc. v. Credit Suisse First Boston Corp., 205 F. Supp. 2d 158, 163 (S.D.N.Y. 2002).

Federal Judges are also subject to the Code of Conduct for United States Judges, a set of ethical principles and guidelines for judges. 175 F.R.D. 363 (1998); Metro. Opera Ass'n v. Local 100, Hotel & Rest. Employees Int'l Union, 332 F. Supp. 2d 667, 670-71 (S.D.N.Y. 2004). A judge's impartiality might reasonably be questioned when "to the judge's knowledge [he or she is] likely to be a material witness in the proceeding." Cannon 3(C)(1)(d). The Code of Conduct has no enforcement mechanism and the guidelines are self-enforcing. Metro Opera, 332 F. Supp. 2d at 670-71; United States v. Microsoft Corp., 253 F.3d 34, 114 (D.C. Cir. 2001). A violation of the Code does not necessarily require a conclusion that disqualification is appropriate under § 455. Metro Opera, 332 F. Supp. 2d at 671.

Williams' ground for recusal is that the undersigned may be called as a witness in the present case as the recipient of a letter dated December 15, 2000 written by Williams in the unrelated case. See note 2 supra; Pl. Resp. to Def. Motion (Docket No. 13) at Ex. 3. In this letter, Williams complained that his paperwork was being mishandled by a court clerk causing a delay in the time that Williams had to file response papers. Williams contends that the subject matter of the instant case involves an allegation of retaliation for writing this letter to the undersigned and, therefore, the undersigned may be called as a witness to testify concerning the letter.

There is no basis for recusal here as the undersigned is not a material witness. The only possible issue regarding the letter is that Williams sent it. It is irrelevant whether

7

the undersigned received it or what, if any, action was taken on the letter. The relevant issues are the events that led to this lawsuit, including Ingraham's actions and those of Williams. The undersigned had no personal knowledge of these events and there is no other credible reason for the testimony of the undersigned. Thus, a reasonable person would not question the partiality of the undersigned in these circumstances, there is no allegation that the undersigned has a personal bias or prejudice, and there is no possibility that the undersigned may testify as a witness in this case.

Therefore, Williams' motion for recusal is denied.

### IV. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that Ingraham's motion to dismiss (Docket No. 10) be **DENIED**; and

**IT IS ORDERED** that Williams' motion for recusal (Docket No. 14) is **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: February 3, 2005
       Albany, New York

                                           *David R. Homer*
                                       United States Magistrate Judge