**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**RAY WILLIAMS,**

                           **Plaintiff,**

          v.                      **Civil No. 9:04-CV-0257
(GLS/DRH)**

**CORRECTION OFFICER D.
INGRAHAM**

                           **Defendant.**

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| RAY WILLIAMS<br>Plaintiff *Pro Se*, 99-A-6603<br>Midstate Correctional Facility<br>P.O. Box 2500<br>Marcy, New York 13403 | |
| **FOR THE DEFENDANTS:** | |
| HON. ELIOT SPITZER<br>Attorney General, State of New York<br>The Capitol<br>Albany, New York 12224 | RISA L. VIGLUCCI<br>Assistant Attorney General |

**Gary L. Sharpe
U.S. District Judge**

## Decision and Order

    *Pro se* plaintiff, Ray Williams, filed a civil rights action alleging that his

First Amendment rights were violated by the defendant, Corrections Officer Ingraham. *See Dkt. No. 1.*; *see also* 42 U.S.C. § 1983. Ingraham subsequently moved to dismiss, and Williams moved to recuse Magistrate Judge David R. Homer. *See Dkt. Nos. 10, 14.* Judge Homer issued a report recommending the denial of Ingraham's motion, and an order denying the recusal motion. *Dkt. No. 16.*[1] Neither party objected to Judge Homer's recommendation regarding dismissal, but Williams objected to Judge Homer's nondispositive order declining recusal. *See Williams Objection, Dkt. No. 17*.

Having reviewed Judge Homer's order and Williams' objection, the court concludes that the order is not clearly erroneous or contrary to law for the reasons recited by Judge Homer.[2] *See* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); L.R. 72.1(b); *see also Carmona v. Wright*, --- F. Supp.2d ---, 2006 WL 172340, *5-6 (N.D.N.Y. Jan. 25, 2006); *La Grande v. Adecco*, --- F. Supp.2d ---, 2006 WL 205098, *1 (N.D.N.Y.

---

[1] The Clerk is directed to append Judge Homer's report and recommendation to this decision, and familiarity is presumed. Furthermore, the court adopts the factual summary in Judge Homer's Report-Recommendation and order, and assumes familiarity with the facts alleged in Williams' Complaint. *See Dkt. Nos. 16,1.*

[2] Factually, Williams objects to Judge Homer's assertion that he has filed seventeen lawsuits since 1999. It is unnecessary to address this objection since this factual dispute has no bearing on the recusal motion.

Jan. 25, 2006); *Mitchell v. Goord*, 9:03-CV-19, 2005 WL 701096, *2 (N.D.N.Y. Mar. 21, 2005). Furthermore, since neither party has objected to Judge Homer's recommendation regarding dismissal, they have procedurally defaulted. *See Almonte v. New York State Division of Parole*, --- F. Supp.2d ---, 2006 WL 172340, *5-6 (N.D.N.Y. Jan. 25, 2006). Nonetheless, the court has reviewed the report for clear error, and finding none, the court adopts the report and recommendation in its entirety for the reasons stated. *See Id.* at *6.

Accordingly, and for the reasons stated, it is hereby

**ORDERED** that the objection of Ray Williams (*Dkt. No. 14*) is hereby **DENIED**, and the order of Magistrate Judge David R. Homer denying Williams' motion to recuse (*Dkt. No. 16*) is adopted in its entirety; and it is further

**ORDERED** that Judge Homer's Report (*Dkt. No. 16*) recommending denial of Ingraham's motion to dismiss is adopted in its entirety.

**So Ordered.**

Date: February 2, 2006
        Albany, New York

Gary L. Sharpe
U.S. District Judge

3