**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------

RAY WILLIAMS,

                              Plaintiff,

           v.                              No. 04-CV-257
                                               (GLS/DRH)

D. INGRAHAM, Correction Officer,

                              Defendant.

------------------------------------------------------------------

**APPEARANCES:**                           **OF COUNSEL:**

RAY WILLIAMS
Plaintiff Pro Se
No. 99-A-6603
Camp Pharsalia
496 Center Road
South Plymouth, New York 13844

HON. ANDREW M. CUOMO          RISA L. VIGLUCCI, ESQ.
Attorney General for the State       Assistant Attorney General
   of New York
Attorney for Defendant
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER
U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Ray Williams ("Williams"), an inmate in the custody of the New York

State Department of Correctional Services (DOCS), brings this action pursuant to 42

U.S.C. § 1983 alleging that defendant Donald Ingraham ("Ingraham"), a DOCS corrections

officer, violated his constitutional rights under the First Amendment.  Compl. (Docket No.

---

[1] This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

1).  Presently pending is Williams' motion for summary judgment pursuant to Fed. R. Civ.

P. 56 and Ingraham's cross-motion for summary judgment.  Docket Nos. 32, 35.  For the

following reasons, it is recommended that Williams' motion be denied and Ingraham's

motion be granted.

## I. Background

On March 19, 2001, Ingraham encountered Williams outside the school-area at

Coxsackie Correctional Facility.  Ingraham Aff. (Docket No. 35) at ¶ 4.  Ingraham pulled

Williams out of line because he overheard Williams talking to another inmate in which

Williams discussed a complaint he filed against a court clerk and encouraged another

inmate, LeRoy Allen ("Allen"), to file a complaint.  Id. at ¶ 5; Allen Aff. (Docket No. 32) at

Ex. 3.

Williams was uncooperative when Ingraham approached him and Ingraham filed a

misbehavior report charging four violations of DOCS rules.  Ingraham Aff. at ¶¶ 7-11.

Williams was charged with violating rules 102.10 (Threats), 104.12 (Riot, Disturbances

and Demonstrations), 107.10 (Interference with an Employee or other Person), and

107.11 (Harassment).  Viglucci Aff. (Docket No. 35) at Ex. C.  Following a disciplinary

hearing, Williams was found guilty of the harassment charge but not guilty on the three

remaining charges.  Id.  Williams was sentenced to the loss of his commissary and

telephone privileges and to ten days in keeplock.[2]  Id.  Williams filed a grievance

---

[2]"Keeplock is a form of disciplinary confinement segregating an inmate from other
inmates and depriving him of participation in normal prison activities."  Green v. Bauvi, 46
F.3d 189, 192 (2d Cir. 1995); N.Y. Comp. Codes R. & Regs. tit. 7, § 301.6 (1995).

concerning this matter on June 12, 2001, which was denied on August 15, 2001.  Id. at Ex.

D.  This action followed.


## II. Discussion

Williams' complaint asserts three separately denominated causes of action.

Compl. at 5.  Liberally construed, however, the complaint asserts a single cause of action,

alleging that Ingraham retaliated against Williams for counseling Allen to file a grievance in

violation of Williams' First Amendment rights.


## A. Summary Judgment Standard

A motion for summary judgment may be granted if there is no genuine issue as to

any material fact if supported by affidavits or other suitable evidence and the moving party

is entitled to judgment as a matter of law.  The moving party has the burden to show the

absence of disputed material facts by informing the court of portions of pleadings,

depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp.

v. Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of

the case as determined by substantive law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248

(1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of

the non-moving party.  Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine

issue for trial.  The non-moving party must do more than merely show that there is some

doubt or speculation as to the true nature of the facts.  Matsushita Elec. Indus. Co. v.

Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder

of fact could find in favor of the non-moving party for a court to grant a motion for

summary judgment.  Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223-24 (2d

Cir. 1994); Graham v. Lewinkski, 848 F.2d 342, 344 (2d Cir. 1988).  When, as here, a

party seeks summary judgment against a pro se litigant, a court must afford the non-

movant special solicitude.  Id.  However, the mere existence of some alleged factual

dispute between the parties will not defeat an otherwise properly supported motion for

summary judgment; the requirement is that there be no genuine issue of material fact.

Anderson, 477 U.S. at 247-48.


**B. Williams' Claim**

Williams contends that Ingraham took the disciplinary action against him in

retaliation for filing a written complaint with the undersigned.  Liberally construing the

complaint, Williams also may be contending that Ingraham acted in retaliation for Williams

counseling Allen to file a grievance or complaint against a corrections officer.

To prevail on a retaliation claim, a plaintiff must first assert that the plaintiff's

conduct was constitutionally protected and that this conduct was a "substantial factor" that

caused the adverse action against plaintiff.  Mt. Healthy City Sch. Dist. Bd. of Educ. v.

Doyle, 429 U.S. 274, 287 (1977).  The burden then shifts to the defendant to show that, by

a preponderance of the evidence, the adverse action would have resulted even in the

absence of the protected conduct.  Id.; see also Dawes v. Walker, 239 F.3d 489, 492 (2d

Cir. 2001), overruled on other grounds, Swierkiewicz v. Sorema, 534 U.S. 506 (2002).

Retaliation claims are actionable because the conduct may tend to chill an individual's

4

exercise of constitutional rights.  Dawes, 239 F.3d at 491.  However, courts must review

retaliation claims with care and skepticism to avoid judicial intrusion into prison

administration matters.  Id.

Here, Williams' written complaint to the undersigned was clearly an assertion of his

constitutional right protected by the First Amendment.  See Simmat v. Manson, 535 F.

Supp. 1115, 1117-18 (D. Conn. 1982).  Williams claims that the adverse action which

resulted from sending the letter was Ingraham's filing of a false misbehavior report that

resulted in Williams spending ten days in keeplock.  In order for any action to constitute

adverse action, a plaintiff must establish that the adverse action would deter a similarly

situated individual from exercising his or her constitutional rights.  Dawes, 239 F.3d at 491.

It is reasonably possible that other inmates would fail to exercise their constitutional right

to make a written complaint for fear that they would be subjected to false misbehavior

reports and sentenced to keeplock.  Thus, the disciplinary action and Williams' placement

in keeplock present questions of fact as to whether they constitute an adverse action.

However, Williams fails to show a causal connection between his written complaint

and the filing of the misbehavior report.  Williams only offers conclusory evidence to

support his claim that Ingraham was aware of the letter Williams wrote to the Court.  See

Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983); see also Bennett v. Goord, 343 F.3d

133, 137 (2d Cir. 2003).  Williams fails to allege or prove any facts that would connect the

written complaint to the misbehavior report and no motive is offered or appears why

Ingraham would act regarding a complaint about a court clerk with no conceivable

connection to Ingraham.

Williams simply states that since he wrote a letter to the Court and a misbehavior

report was filed, the misbehavior report must have been filed because of the letter.  Pls.

Mem of Law (Docket No. 32) at 2.  Williams was talking to Allen at the time of the incident.

In a sworn statement, Allen said that Williams discussed a complaint Williams filed with

the Court and that Williams encouraged Allen to file a complaint.  Docket No. 32, Ex. 3.

Allen's sworn statement tends to discredit Williams' claim and support Ingraham's

contention that he initially approached Williams because Williams was encouraging

another inmate to file a grievance.  Thus, because Williams offers only conclusory

evidence to support his claim, he has failed to demonstrate a causal connection between

the complaint to the Court and disciplinary proceedings.

Even if Williams was able to show a causal connection, Ingraham's motion for

summary judgment should still be granted because the adverse action would have

occurred even in the absence of the protected conduct.  See Mt. Healthy, 429 U.S. at 287.

Williams was sentenced to ten days in keeplock and lost his commissary and telephone

privileges because he was found guilty of harassment.  The harassment charge is a

separate, legitimate reason for the adverse action.[3]  Thus, Ingraham's motion for summary

judgment should be granted in the alternative because Williams would have received the

same punishment even in the absence of an improper motive.

As to Williams' complaint based on his advice to Allen, it is unclear under existing

---

[3]It does not appear from the record that Williams' disciplinary conviction for the harassment was ever overturned.  It is well established that where a favorable determination in a § 1983 action "would necessarily imply the invalidity of" such a conviction, a plaintiff cannot prevail in the § 1983 action.  Edwards v. Balisok, 520 U.S. 641, 643 (1997); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  However, Ingraham has not urged judgment on this ground and, therefore, judgment on this ground will not be considered.

6

law whether the first Amendment protects one inmate's right to aid, assist, abet, or counsel another inmate in filing a complaint or grievance.  See Gayle v. Sheehan, 313 F.3d 677, 680 n.3 (2d Cir. 2002) (noting that the Second Circuit has not yet addressed this question).  However, because this claim must be resolved on another ground,[4] the merits of this claim need not be decided here.

Therefore, it is recommended that defendant's cross motion on this ground be granted as to Williams' claim based on his complaint to the Court.

## C. Qualified Immunity

Ingraham also contends that he is entitled to qualified immunity.  Qualified immunity generally protects governmental officials from civil liability insofar as their conduct does not violate clearly established constitutional law of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229-30 (N.D.N.Y. 2002) (McAvoy, J.), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003).  A court must first determine that if plaintiff's allegations are accepted as true, there would be a constitutional violation.  Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights were clearly established at the time of the alleged violation.  Aiken, 236 F. Supp. 2d at 230.  Here, as to Williams' claim based on his complaint to the Court, the second prong of the inquiry need not be reached because, as discussed supra, accepting all of Williams' allegations as true, he has not shown that defendants violated his constitutional rights.

---

[4]See subsection II(C) infra.

As to Williams' claim based on his advice to Allen, it will be assumed for purposes of Ingraham's argument here that Ingraham acted in retaliation for Williams' counselling Allen to file a grievance or complaint.  The issue then presented is whether at the time of the misehavior report on March 19, 2001, the law was clearly established that counseling another inmate to file a grievance or complaint was a right protected by the first amendment.  See Iqbal v. Hasty, 490 F.3d 143, 170 (2d Cir. 2007) (holding that whether law is clearly established must be determined in this circuit by reference to the decisions of the Supreme Court and Second Circuit Court of Appeals).  There was no such clearly established law at the time in question.  See Gayle, 313 F.3d at 680 n.3 ("[w]e have not yet addressed the question whether barring inmates from encouraging other inmates to file grievances implicates speech and free association rights under the First Amendment . . . .") (decision issued December 10, 2002).  Accordingly, Ingraham is entitled to qualified immunity on this claim.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that:

      1. Plaintiff's motion for summary judgment (Docket No. 32) be **DENIED**; and

      2. Defendant's cross-motion for summary judgment (Docket No. 35) be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO**

**OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892

F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


**IT IS SO ORDERED.**

Dated:  August 20, 2007
       Albany, New York

_____
United States Magistrate Judge